IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20651
Summary Calendar

_____

LEWIS D. TRIPLETT,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-2810
- - - - - - - - - -

September 9, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lewis Daniel Triplett (#381079) has appealed the dismissal of his petition for a writ of habeas corpus. Triplett contends that his trial attorneys rendered ineffective assistance in conducting an insufficient investigation and in failing to call Dean Habada as a witness to establish that the victim had misidentified him as the perpetrator of the burglary for which Triplett is currently incarcerated. The Texas Court of Criminal Appeals denied Triplett's state habeas petitions raising this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue. To prevail on an ineffective-assistance-of-counsel claim, a petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the petitioner must show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688.

Under the standard for reviewing habeas applications established by the Antiterrorism and Effective Death Penalty Act of 1996, federal court's may not grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1); see Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir. 1996) (§ 2254(d)(1) provides the standard of review for mixed questions of law and fact), cert. denied, 117 S. Ct. 1114 (1997); Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992) (a claim of ineffective assistance of counsel is a mixed question of law and fact). A state court's application of federal law to the facts "is *unreasonable* only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." Drinkard, 97 F.3d at 769.

The state records show that Triplett's attorneys were aware that Habada resembled Triplett and that counsel made a conscious decision not to call Habada because of the possibility that

Habada's testimony would be damaging to Triplett.  Although the attorneys' decision was arguably erroneous, the state court's determination that the attorneys' decision was not professionally unreasonable did not involve an unreasonable application of clearly established federal law.  See § 2254(d)(1).  It cannot be said that jurists would be of one view that the state-court determination was unreasonable.  See Drinkard, 97 F.3d at 769.  Accordingly, the judgment is

AFFIRMED.